# United States Court of Appeals for the Fifth Circuit

_____

No. 24-40200
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gilberto Eloy Ramirez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1100-1

_____

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Gilberto Eloy Ramirez appeals from the sentence imposed following his guilty plea conviction for possession with intent to distribute five kilograms or more of cocaine. On appeal, Ramirez argues that he should not have been sentenced as a career offender under U.S.S.G. § 4B1.1(a)(3) and that the district court erred by including three special conditions of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

supervised release that were not pronounced at sentencing. After the parties filed their initial briefs, Ramirez submitted an unopposed motion for summary disposition on the basis that *United States v. Minor*, 121 F.4th 1085 (5th Cir. 2024), resolved the § 4B1.1(a)(3) dispute in his favor.

We review the district court's interpretation and application of the Guidelines de novo. *See id.* at 1088. In *Minor*, we held that Minor's predicate marijuana felony conviction did not qualify as a "controlled substance offense" as defined in U.S.S.G. § 4B1.2(b) due to an intervening change in the Controlled Substances Act's ("CSA") definition of marijuana. *Id.* at 1088-89. We noted that "the CSA's definition of 'controlled substance' in place at the time of sentencing for the instant offense is the proper comparison" for determining whether a prior conviction qualifies under the career-offender enhancement. *Id.* at 1093. Here, Ramirez's predicate marijuana conviction was from 2010, which predated the 2018 alteration to the definition of marijuana, and would no longer qualify following the CSA's amendment. Accordingly, the district court erred by applying the § 4B1.1(a)(3) adjustment to Ramirez. *See id.* at 1089.

The Government has not attempted to show that the district court's error was harmless, and the record does not indicate that any such attempt would be successful. Therefore, we VACATE the sentence and REMAND to the district court for resentencing. Because the sentence has been vacated, there is no need for us to consider Ramirez's challenge to the special conditions of supervised release. Since summary disposition would not benefit Ramirez at this point, we DENY AS MOOT his motion for summary disposition.